UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VINCENT DeMARTINO,

                Plaintiff,

    -against-

MICHAEL ZENK, *et al.*,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

04-CV-3880 (SLT) (LB)

**TOWNES, United States District Judge:**

On March 30, 2009, Magistrate Judge Lois Bloom issued a report and recommendation ("R&R"), recommending that defendants' motion to dismiss be granted and that this action be dismissed. Although plaintiff requested a single 30-day extension of time in which to file his objections to the R&R – prompting this Court to extend plaintiff's time to file objections to May 13, 2009 – plaintiff neither filed objections to the R&R nor requested a further extension of time in which to do so. On August 21, 2009, after waiting over three months for another submission from plaintiff, this Court entered an order adopting the R&R in its entirety.

On November 17, 2009 – almost three months after this Court issued its order adopting the R&R – plaintiff filed a motion entitled "Consolidated Motion and Brief for Reconsideration and Opposition to Report and Recommendation of MJ Bloom" (hereafter, the "Motion"). In the Motion, plaintiff explains that the complexity of this case and the limited legal resources available to incarcerated inmates made it difficult for him to file his objections earlier. However, the motion does not explain why plaintiff was unable to move for further extensions of time to object to the R&R.

A motion for reconsideration is "addressed to the sound discretion of the district court." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). However, the relief available under Rule

60(b) of the Federal Rules of Civil Procedure is "extraordinary judicial relief" and "is invoked only upon a showing of exceptional circumstances." *Id.* Accordingly, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03 Civ. 5429 (RJS), 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001)).

Plaintiff's Motion does not make out the sort of extraordinary circumstances that would justify reconsideration of the order adopting the R&R. This Court recognizes that incarcerated litigants face difficulties in preparing legal papers. However, the difficulties faced by plaintiff are not substantially greater than those facing many other incarcerated litigants who have nevertheless managed to meet court deadlines. Indeed, plaintiff is far more articulate and knowledgeable than most *pro se* litigants. Plaintiff proved perfectly capable of moving for an extension of time to object to the R&R on a prior occasion. Plaintiff has offered no explanation of why he was unable to make a second such motion at any time during the three months before this Court entered the order adopting the R&R.

Even if this Court were to consider plaintiff's objections, it would still adopt the R&R. Before issuing its August 21, 2009, order, this Court carefully reviewed the R&R and determined

that Magistrate Judge Bloom had not committed clear error. Even if this Court engaged in *de novo* review of the issues raised in the Motion, none of the arguments raised by plaintiff would have persuaded this Court to reach a result different from that reached by Magistrate Judge Bloom.

## *CONCLUSION*

For the reasons set forth above, plaintiff's motion for reconsideration of this Court's August 21, 2009, order adopting Magistrate Judge Bloom's Report and Recommendation dated March 30, 2009, is denied.

**SO ORDERED.**

Dated: December 4, 2009
Brooklyn, New York

/SANDRA L. TOWNES
United States District Judge